# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **CATHERINE DEACON,** | : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **BATESVILLE CASKET COMPANY, INC.,** | : | September 5, 2006 |
| | : | |
| **Defendant.** | : | |

## COMPLAINT

### Jurisdiction and Venue

1. This action arises under the Americans with Disabilities Act of 1990, as amended, codified as 42 U.S.C. § 12101 *et seq*., Title VII of the Civil Rights Act of 1964, as amended, codified as 42 U.S.C. § 2000e *et seq*., the Connecticut Fair Employment Practices Act, codified as Conn. Gen. Stat. § 46a-60 *et seq*., and state common law.

2. The jurisdiction of the Court is founded upon 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343.

3. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1391(b) in that the claim arose in this district and that Plaintiff resided in this district at the time of the incident.

4. Supplemental jurisdiction over Plaintiff's supplemental state law claims is invoked pursuant to 28 U.S.C. § 1367 as the claims arise out of the same transaction and occurrences as Plaintiff's federal claims.

5. Costs, expert witness fees, and attorney fees are sought pursuant to 42 U.S.C. § 1988.

PDF created with pdfFactory trial version www.pdffactory.com

6. Plaintiff filed a timely claim with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and the Equal Employment Opportunity Commission ("EEOC").

7. Plaintiff received a "Release of Jurisdiction" from the CHRO on or about June 07, 2006, and a "Right to Sue" Letter from the EEOC on or about June 06, 2006.

### The Plaintiff

8. During the relevant time period, as well as currently, Plaintiff Catherine Deacon ("Plaintiff") was a resident of the City of Guilford and the State of Connecticut.

9. Plaintiff is a 50-year-old Caucasian female.

### The Defendant

10. Defendant, Batesville Casket Company, Inc. ("Defendant"), is located at One Batesville Blvd., Batesville, Indiana 47006.

11. Defendant's local agent for service is CT Corporation, One Commercial Plaza, Hartford, Connecticut 06103.

12. Defendant employs more than 15 employees.

### Preliminary Statement

11. Plaintiff seeks by this action to recover for gender and disability discrimination, and retaliation in violation of the ADA, Title VII of the Civil Rights Act of 1964, and Conn. Gen. Stat. Sec. 46a-60 *et seq.*, and for violations of Connecticut common law.

### Facts

12. In or about August 2004, Plaintiff was hired as a Sales Representative for the Long Island, NY region by Defendant.

2

PDF created with pdfFactory trial version www.pdffactory.com

13. Plaintiff was allowed to perform her position out of her home office in Guilford, Connecticut.

14. Because Plaintiff was sales representative for Defendant in Long Island, her position required an extensive amount of driving back and forth from Plaintiff's office in Guilford, CT.

15. Plaintiff was diagnosed with malignant breast cancer.

16. Plaintiff's breast cancer required surgical intervention to mitigate.

17. Since Plaintiff's surgery, she has been diagnosed as a high-risk candidate for a re-occurrence of breast cancer.

18. Plaintiff's breast cancer requires her to take a cancer-preventing medication, called Tamoxifan.

19. Due to certain side effects of this drug, Plaintiff is required to be on her feet as much as possible, as prolonged periods of inactivity can cause a type of blood clot referred to as a deep vein thrombosis, which cause a high likelihood of stroke and/or death.

20. This means that Plaintiff is unable to sit for prolonged periods of time without occasionally moving around to prevent the creation of blood clots.

21. On July 23, 2005, Plaintiff met with Defendant's Metro Region Sales Director, Ms. Nectar Ramirez-Gosdin, and Defendant's Director of Human Resources, Glenn Richardson.

22. During this meeting, Plaintiff provided notification from her doctor that she was unable to drive in her car for the period required for her to service the Long Island region due to the Tamoxifan she was taking and its resulting side affects.

3

PDF created with pdfFactory trial version www.pdffactory.com

23. Plaintiff requested an accommodation from Ms. Ramirez-Gosdin and Mr. Richardson: that Plaintiff be moved to another territory that required less driving time.

24. Ms. Ramirez-Gosdin and Mr. Richardson immediately denied Plaintiff's request.

25. Plaintiff then requested that, as an accommodation, Defendant reduce her driving during the work day; this would not have affected Plaintiff's ability to generate sales.

26. Ms. Ramirez-Gosdin and Mr. Richardson denied this request also.

27. Plaintiff then requested that, as an accommodation, Defendant reduce the number of days on which Plaintiff was required to travel, from five days per week to three days per week, with Plaintiff working from her home office for the two non-travel days; this also would not have affected Plaintiff's ability to generate sales.

28. Ms. Ramirez-Gosdin and Mr. Richardson denied this request as well.

29. Ms. Ramirez-Gosdin and Mr. Richardson then advised Plaintiff that the only two territories available for transfers were Pittsburg and Chicago, but that those two territories were not open for Plaintiff's transfer.

30. Defendant denied Plaintiff a transfer, despite it begin Defendant's common practice to provide generous relocation packages to Sales Representatives all over the country.

31. In response to Plaintiff's accommodation requests, Plaintiff received a letter from Mr. Richardson stating that Plaintiff was required to cover her assigned territory on a daily basis; otherwise, Plaintiff was to relocate or resign immediately.

32. Plaintiff refused to resign from her position and notified Defendant of this in a letter dated August 12, 2005.

4

PDF created with pdfFactory trial version www.pdffactory.com

33. Plaintiff received an email from Mr. Richardson advising Plaintiff that if she chose to stay in her position and cover her assigned territory, she was required to write a letter releasing Defendant from liability for any medical problems arising from Plaintiff's driving.

34. The email also informed Plaintiff that as far as Defendant was concerned, Plaintiff was continuing her employment at her own risk.

35. In addition, following Plaintiff's notification to Defendant regarding Plaintiff's need for an accommodation, Plaintiff was required to perform a minimum of 20 calls per week and to be on the road five days per week.

36. Prior to her request for an accommodation of her breast cancer complications, Plaintiff did not have a quota of calls to make, nor a mandated travel schedule.

37. In addition, Plaintiff's business expenses were being delayed even after numerous e-mails.

38. These measures were imposed on Plaintiff in retaliation for her requested accommodation and as an artifice by which to ensure that Defendant would be able to terminate Plaintiff's employment.

39. Plaintiff was not informed why her requested accommodation could not be provided, nor why Defendant was requiring her to release Defendant from liability without providing a reasonable accommodation.

40. Plaintiff's position is paid based on meeting a quota of sales, not on the amount of time she actually spends in the field.

5

PDF created with pdfFactory trial version www.pdffactory.com

41. At the time of her hire, Plaintiff was advised that she was to manage her territory however she saw fit, so long as she met the needs of her customers and maintained her quota.

42. Defendant normally expects that Sales Representatives, like Plaintiff, work out of their own houses and travel to their territories on an as-needed basis.

43. On August 16, 2005, Ms. Ramirez-Gosdin attended, along with Plaintiff, a meeting with two of Plaintiff's customers from Plaintiff's territory.

44. While in transit to meet these customers, Ms. Ramirez-Gosdin advised Plaintiff that Defendant could not support Plaintiff any longer.

45. Ms. Ramirez-Gosdin also informed Plaintiff that the rest of Plaintiff's sales team – which was composed of all males other than Plaintiff – would not support Defendant's retaining Plaintiff any longer, and that they were very concerned about Plaintiff being in their territory.

46. The majority of Defendant's management team and Sales Representatives are males.

47. Plaintiff was advised by Mark English, Defendant's Business Unit Vice President, that Plaintiff needed to resign so that Ms. Ramirez-Gosdin could employ another Sales Representative.

48. Following this, Defendant began increasing its retaliation against Plaintiff, including but not limited to applying pressure and asking for enormous amounts of work with unreasonable deadlines.

49. At the end of Defendant's sales calendar year, on September 30, 2005, Plaintiff finished at 106.9% of her goal quota (109% of her quota in the last quarter), and was ranked 14th in sales in the country among Sales Representatives.

6

PDF created with pdfFactory trial version www.pdffactory.com

50. Despite this, Defendant further retaliated against Plaintiff by denying the vacation trip Plaintiff had won due to her sales during the preceding year.

51. Additionally, Defendant made Plaintiff not eligible for year-end awards and earned bonuses.

52. In addition, on or about October 01, 2005, Defendant further retaliated against Plaintiff by unilaterally revoking Plaintiff's expense reimbursements.

53. Defendant left in place the expense reimbursement plan for the other Sales Representative who drives from Connecticut to his sales territory in Queens, New York.

54. No other Sales Representatives had their expense reimbursement rights revoked as did Plaintiff.

**Count One: Violation of the Americans with Disabilities Act (Discrimination)**

55. Plaintiff herein realleges, and incorporates by reference as if stated more fully herein, paragraphs 1 through 54.

56. Plaintiff is substantially limited in a major life activity and therefore qualifies as a disabled individual within the meaning of the ADA.

57. Plaintiff's disability negatively affects the substantial life-activities of working and traveling.

58. Defendant was aware of Plaintiff's disability.

59. Plaintiff is able to perform the essential functions of her job, with or without an accommodation, making her a qualified individual with a disability.

60. Defendant subjected Plaintiff to adverse employment actions and adversely altered the terms, conditions and privileges of Plaintiff's employment.

7

PDF created with pdfFactory trial version www.pdffactory.com

61. Defendant's aforementioned conduct was a direct result of Plaintiff's disability.

62. Plaintiff's disability was a motivating or substantial factor for Defendant's unlawful behavior.

63. To no avail, Plaintiff requested that Defendant accommodate her disability and refrain from its violations of the ADA.

64. Defendant's conduct is unlawful and in violation of §12112(a) of the ADA.

65. Defendant was aware or reasonably should have been aware that its actions constituted a violation of the ADA.

66. Defendant acted with malice and/or in reckless disregard of Plaintiff's federally protected rights.

67. As a result of Defendant's malice and/or reckless disregard, Plaintiff is entitled to punitive damages.

68. As a result of the foregoing conduct, Plaintiff suffered and will continue to incur damages, including but not limited to, lost wages, lost benefits, emotional and psychological stress, distress, anxiety, and loss of the ability to enjoy life's pleasures and activities.

69. Plaintiff seeks damages as a result of the Defendant's unlawful conduct.

**Count Two: Violation of the Americans with Disabilities Act (Failure to accommodate a known disability)**

70. Plaintiff herein realleges, and incorporates by reference as if stated more fully herein, paragraphs 1 through 54.

71. Plaintiff is substantially limited in a major life activity and therefore qualifies as a disabled individual within the meaning of the ADA.

8

PDF created with pdfFactory trial version www.pdffactory.com

72. Plaintiff's disability negatively affects the substantial life-activities of working and traveling.

73. Defendant was aware of Plaintiff's disability.

74. Plaintiff is able to perform the essential functions of her job, with or without an accommodation, making her a qualified individual with a disability.

75. Defendant subjected Plaintiff to adverse employment actions and adversely altered the terms, conditions and privileges of Plaintiff's employment.

76. Plaintiff requested that Defendant accommodate her disability and refrain from its violations of the ADA.

77. Defendant refused to reasonably accommodate Plaintiff and instead punished the Plaintiff for bringing the request to her supervisors.

78. Defendant refused any and all reasonable accommodations requested by Plaintiff.

79. Defendant attempted to force Plaintiff to quit when Plaintiff would not release Defendant from liability.

80. Despite Defendant's knowledge of Plaintiff's cancer and necessary treatment, Defendant required a working environment that was potentially lethal to Plaintiff to force her out of the workplace.

81. Providing Plaintiff with a lawful, proper and discrimination-free workplace would not impose an undue hardship on the operation of Defendant's business and such an environment is required by the ADA.

82. Defendant's conduct is unlawful and in violation of § 102(b)(5)(A).

83. Defendant was aware or should have been aware that its actions constituted a violation of the ADA.

9

PDF created with pdfFactory trial version www.pdffactory.com

84. Defendant acted with malice and/or reckless disregard of the Plaintiff's federally protected rights.

85. Defendant knew that its conduct was or may be in violation of federal law.

86. As a result of the foregoing unlawful conduct, Plaintiff suffered and will continue to suffer damages including but not limited to lost wages and benefits, emotional and psychological stress, distress, anxiety, and loss of the ability to enjoy life's pleasures.

87. Plaintiff seeks damages as a result of the Defendant's unlawful conduct.

**Count Three: Retaliation in Violation of the Americans with Disabilities Act**

88. Plaintiff herein realleges, and incorporates by reference as is stated more fully herein, paragraphs 1 through 54.

89. Plaintiff is substantially limited in a major life activity and therefore qualifies as a disabled individual within the meaning of the ADA.

90. Plaintiff's disability negatively affects the major life activities of working and traveling.

91. Defendant was aware of Plaintiff's disability.

92. Plaintiff is able to perform the essential functions of her job, with or without an accommodation, making her a qualified individual with a disability.

93. Defendant subjected Plaintiff to adverse employment actions and adversely altered the terms, conditions and privileges of Plaintiff's employment.

94. Defendant refused any and all accommodations requested by Plaintiff.

95. Defendant attempted to force Plaintiff to quit when Plaintiff would not release Defendant from liability.

10

PDF created with pdfFactory trial version www.pdffactory.com

96. Despite Defendant's knowledge of Plaintiff's cancer and necessary treatment, Defendant required a working environment that was potentially lethal to Plaintiff to force her out of the workplace.

97. Defendant's conduct is unlawful and in violation of §12203(a) of the ADA for discriminating against Plaintiff because she opposed and made a charge of discrimination on the basis of her disability.

98. As a result of the foregoing conduct, Plaintiff suffered and will continue to incur damages, including but not limited to, substantial lost wages, loss of fringe benefits, emotional and psychological stress, distress, anxiety, and loss of the ability to enjoy life's pleasures and activities.

99. Plaintiff seeks damages as a result of the Defendant's unlawful conduct.

**Count Four: Violation of C.G.S. Sec. 46a-60(1): (Disability discrimination)**

100. Plaintiff herein realleges, and incorporates as if more set forth herein, paragraphs 1 through 54.

101. Plaintiff is substantially limited in a major life activity and therefore qualifies as a disabled individual within the meaning of the Conn. Gen. Stat. § 46a-60(1).

102. Plaintiff's disability negatively affects the major life activities of working and traveling.

103. Defendant was aware of Plaintiff's disability.

104. Plaintiff is able to perform the essential functions of her job, with or without an accommodation, making her a qualified individual with a disability.

105. Defendant subjected Plaintiff to adverse employment actions and adversely altered the terms, conditions and privileges of Plaintiff's employment.

11

PDF created with pdfFactory trial version www.pdffactory.com

106. Defendant's aforementioned conduct was a direct result of Plaintiff's disability.

107. Plaintiff's disability was a motivating or substantial factor for Defendant's unlawful behavior.

108. To no avail, Plaintiff requested that Defendant accommodate her disability and refrain from its violations of Conn. Gen. Stat. §46a-60(1).

109. Defendant's conduct is unlawful and in violation of Conn. Gen. Stat. §46a-60(1).

110. Defendant was aware or reasonably should have been aware that its actions constituted a violation of Conn. Gen. Stat. §46a-60(1).

111. Defendant acted with malice and/or in reckless disregard of Plaintiff's federally protected rights.

112. As a result of Defendant's malice and/or reckless disregard, Plaintiff is entitled to punitive damages.

113. As a result of the foregoing conduct, Plaintiff suffered and will continue to incur damages, including but not limited to, lost wages, lost benefits, emotional and psychological stress, distress, anxiety, and loss of the ability to enjoy life's pleasures and activities.

114. Plaintiff seeks damages as a result of the Defendant's unlawful conduct.

115. As a result of the foregoing conduct, Plaintiff suffered and will continue to incur damages, including but not limited to, lost wages, lost benefits, emotional and psychological stress, distress, anxiety, and loss of the ability to enjoy life's pleasures and activities.

116. Plaintiff seeks damages as a result of the Defendant's unlawful conduct.

PDF created with pdfFactory trial version www.pdffactory.com

**Count Five: Violation of C.G.S. Sec. 46a-60(4) (Retaliation)**

117. Plaintiff herein realleges, and incorporates as if more set forth herein, paragraphs 1 through 54.

118. Plaintiff is substantially limited in a major life activity and therefore qualifies as a disabled individual within the meaning of the Conn. Gen. Stat. §46a-60(1).

119. Plaintiff's disability negatively affects the substantial life-functions of working and traveling.

120. Defendant was aware of Plaintiff's disability.

121. Plaintiff is able to perform the essential functions of her job, with or without an accommodation, making her a qualified individual with a disability.

122. Defendant subjected Plaintiff to adverse employment actions and adversely altered the terms, conditions and privileges of Plaintiff's employment.

123. Defendant refused any and all accommodations requested by Plaintiff.

124. By taking the above actions, Defendant was attempting to force Plaintiff to quit.

125. Despite Defendant's knowledge of Plaintiff's cancer and necessary treatment, Defendant created a working environment that was potentially lethal to Plaintiff to force her out of the workplace.

126. Defendant's conduct is unlawful and in violation of Conn. Gen. Stat. §46a-60(1) for discriminating against Plaintiff because she requested an accommodation, and opposed Defendant's acts of discrimination on the basis of her disability.

127. As a result of the foregoing conduct, Plaintiff suffered and will continue to incur damages, including but not limited to, substantial lost wages, loss of fringe benefits,

13

PDF created with pdfFactory trial version www.pdffactory.com

emotional and psychological stress, distress, anxiety, and loss of the ability to enjoy life's pleasures and activities.

128. Plaintiff seeks damages as a result of the Defendant's unlawful conduct.

**Count Six: Violation of Title VII (Sex/gender discrimination)**

129. Plaintiff herein realleges, and incorporates as if more set forth herein, paragraphs 1 through 54.

130. During the course of her employment with the Defendant company, Plaintiff was subjected to an ongoing and continued pattern of discrimination, including but not limited to:

   a. Failure or refusal to promote or upgrade;
   b. Being subjected to unfair and unequal treatment relative to her male co-workers; and
   c. Being subjected to undue scrutiny and harassment.

131. Plaintiff's sex/gender was a factor, which made a difference in Defendant's treatment of her in violation of Title VII.

132. As a result of Defendant's discriminatory treatment, Plaintiff has suffered and will continue to suffer economic and emotional harm.

**Count Seven: Violation of Conn. Gen. Stat. § 46a-60(a)(4) (Sex/gender discrimination)**

133. Plaintiff herein realleges, and incorporates as if more set forth herein, paragraphs 1 through 54.

134. During the course of her employment with the Defendant company, Plaintiff was subjected to an ongoing and continued pattern of discrimination, including but not limited to:

14

PDF created with pdfFactory trial version www.pdffactory.com

   a. Failure or refusal to promote or upgrade;

   b. Being subjected to unfair and unequal treatment relative to her male co-workers; and

   c. Being subjected to undue scrutiny and harassment.

135. Plaintiff's gender was a factor, which made a difference in Defendant's treatment of her in violation of Conn. Gen. Stat. § 46a-60(a)(4).

136. As a result of Defendant's discriminatory treatment, Plaintiff has suffered and will continue to suffer economic and emotional harm.

**Count Eight: Retaliation in Violation of Title VII, 42 U.S.C. § 2000e,** *et. seq.*

137. Plaintiff herein realleges, and incorporates as if more set forth herein, paragraphs 1 through 54.

138. During the course of her employment, Plaintiff engaged in protected activities within the meaning of Title VII.

139. Plaintiff made good faith complaints of discrimination on behalf of herself.

140. Defendant was aware that Plaintiff had engaged in protective activities.

141. Plaintiff suffered retaliation as a result of her protected activities, including but not limited to:

   a. Hostile and disparate treatment; and

   b. Defendant's subsequent refusal to provide reference information to potential employers despite the fact that Defendant typically provides such information.

142. As a result of Defendant's retaliatory treatment, Plaintiff has suffered and will continue to suffer economic and emotional harm.

Case 3:06-cv-01388-AHND Document 21 Filed 09/05/2006 Page 15 of 16

PDF created with pdfFactory trial version www.pdffactory.com

**Count Nine: Retaliation in Violation of Conn. Gen. Stat. § 46a-60(a)(4)**

143. Plaintiff herein realleges, and incorporates as if more set forth herein, paragraphs 1 through 54.

144. During the course of her employment, Plaintiff engaged in protected activities within the meaning of Conn. Gen. Stat. § 46a-60(a)(4).

145. Plaintiff made good faith complaints of discrimination on behalf of herself as well as other employees.

146. Plaintiff also served as a witness for other employees who made discrimination complaints against the Defendant.

147. The Defendant was aware that Plaintiff had engaged in protective activities.

148. The Plaintiff suffered retaliation as a result of her protected activities, including but not limited to:

    a. Hostile and disparate treatment;

    b. Termination; and

    c. Defendant's subsequent refusal to provide reference information to potential employers despite the fact that Defendant typically provides such information.

149. As a result of Defendant's retaliatory treatment, Plaintiff has suffered and will continue to suffer economic and emotional harm.

> The Plaintiff,
> Catherine Deacon
>
> By: _____
> Eugene N. Axelrod, Esq. (ct00309)
> The Employment Law Group
> 8 Lunar Drive, Woodbridge, CT  06525
> Phone:  (203) 389-6526
> Fax:  (203) 389-2656

16

PDF created with pdfFactory trial version www.pdffactory.com